# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KP-00105-SCT

*THOMAS EARL JORDAN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/08/96 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/21/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/11/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

We consider in this case the denial of an evidentiary hearing prior to the disposition of a petition for post-conviction relief. Since we find that the petition, if taken as true, does not warrant any relief, we affirm the trial court's denial of an evidentiary hearing.

## I.

Thomas Earl Jordan pled guilty to attempted murder of his ex-wife, Debbie Jordan, on November 28, 1994 and was sentenced to ten years in the Mississippi Department of Corrections, with five years suspended.

On June 21, 1995, Jordan petitioned the trial court for post-conviction relief and for vacation of his conviction and sentence. He alleged that he had received ineffective assistance of counsel because his

counsel allegedly told him that he would be discharged on parole in April, 1995 if he pled guilty and that the trial court would give him the maximum sentence if he pursued a trial. He asserted that had he known he would not be discharged in April, 1995 and that the trial judge would not have necessarily sentenced him to the maximum available sentence, he would not have pled guilty but would have gone to trial. He further asserted that Jordan is factually innocent of the charge.[1] In addition to pleading the facts, Jordan attached an affidavit from another person which attested that Jordan's attorney had also told her that he would be released in April, 1995 and would receive the maximum if he had gone to trial.

The trial court summarily denied the motion on January 8, 1996 without obtaining a response from the State and without holding an evidentiary hearing. Jordan presently appeals this order, arguing that the trial court erred in failing to hold an evidentiary hearing, since the facts alleged in his motion, when taken as true, revealed his counsel to be unconstitutionally ineffective.

## II.

Jordan argues that the trial court erred in failing to grant him an evidentiary hearing because his allegations about his counsel, as set out in his pleading, warranted a hearing on the question of counsel's ineffectiveness.

Regarding petitions for post-conviction relief, Section 99-39-11(2) of the Mississippi Code Annotated provides, "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified."

Jordan's pleadings, even if true, did not make out a colorable claim of ineffective assistance of counsel as could be successfully proven with an evidentiary hearing. Notwithstanding the alleged representations made by his counsel, Jordan signed a Petition to Enter Plea of Guilty which stated, "I declare that no officer or agent of any branch of government, nor any other person has made any promise of inducement of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead 'Guilty.'" It is clear that Jordan read this standardized document because he made margin notes and struck out the portions with which he did not agree.

Furthermore, the court advised Jordan at his plea hearing that the court might impose upon him the maximum sentence. At this hearing, Jordan also expressly denied that any promises, threats or rewards had been extended to him in exchange for his guilty plea and also stated that he did not have any questions about the charge or the sentence. Jordan, a man of high intelligence having obtained a Ph.D degree in education, understood what was going on because he affirmed that he was not ailing or otherwise under any drug's influence at the time of the plea hearing (and does not argue differently in this appeal).

Moreover, at the time he entered his guilty plea, Jordan was aware that the court's position on his sentence was not consistent with the leniency (or severity, should he proceed to trial) that his counsel had allegedly represented to him. He did not allege in his petition, nor does he argue in this appeal, that his attorney had further instructed him to "play along" with this dialogue as though it were illusory. He does not allege that he did not believe the sentencing judge when he explained the risks

to him.

Therefore, we find that Jordan was not prejudiced by the representations that were allegedly made to him by his counsel. Since he was not prejudiced, his cause was not entitled to an evidentiary hearing to further develop the facts pled in his petition for post-conviction relief. As such, the trial court did not err in failing to grant him an evidentiary hearing.

## CONCLUSION

In conclusion, we find no error in the trial court's denial of Jordan's petition for post-conviction relief without an evidentiary hearing. Accordingly, the judgment below is affirmed.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The evidence against him consisted of a taped conversation in which he arranged to pay someone to murder his wife and supplied the weapon.